UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

U.S. BANCORP EQUIPMENT
FINANCE, INC.,

    Plaintiff

v.                                  CIVIL ACTION NO. 2:05-0137

EDWARD'S TRANSPORTATION, INC. and
EDWARD A. MCCOY and
JOE L. MCCOY,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to refer this matter to the bankruptcy court, filed April 21, 2005.

I.

On July 23, 1999, defendant Edward's Transportation, Inc. ("Edward's") and Firstar Bank, N.A. ("Firstar") entered into a Master Equipment lease ("master lease"). (Def.'s Mem. in Supp. at 1.) The master lease covered thirteen (13) Freightliner Model C120 tractors. (Id. at 1.) Plaintiff subsequently acquired Firstar's interest in the leases and equipment. (Id. at 2.)

On July 25, 2003, Edward's and Hartley Trucking Company, Inc. ("Hartley") entered into an Assignment of Lease and

Consent ("assignment"). (Id.) The assignment transferred all of Edward's interest in the leases and equipment to Hartley as part of an asset purchase agreement. (Id. at 2.) Plaintiff was also party to the assignment and consented to its terms. (Id.) The assignment listed Edward's as the assignor, Hartley as the assignee, defendants Edward A. McCoy and Joe L. McCoy as guarantors, and plaintiff as the lessor. The consent stated pertinently as follows:

> WHEREAS, Guarantor has provided a guaranty of all obligations of Assignor under the Lease; and
>
> . . . .
>
> WHEREAS, Lessor is willing to consent to such assignment and assumption upon the terms and conditions contained herein so long as Assignor and Guarantor remain fully liable for the performance of all of the lessee's obligations under the Lease.
>
> . . . .
>
> 3. Notwithstanding this Assignment, Assignor and Guarantor agree jointly and severally that each shall remain[,] at all times, primarily and unconditionally liable to Lessor for the timely payment of all rent and other amounts due under the Lease and the performance of all terms, covenants and obligations required to be performed by the lessee therein. Assignor and Guarantor agree to indemnify Lessor, jointly and severally,, against any losses sustained and expenses incurred by Lessor with respect to the performance of Assignee's obligations to Lessor. Assignor and Guarantor acknowledge and agree that Lessor may, without notice to either of them and without releasing either of their liability, elect any remedy and compound or release any right against, and grant extension of time to, Assignee under the Lease.

    4. Assignor and Guarantor hereby waive any right they may have to require Lessor: (I) to proceed against Assignee; (ii) to proceed or exhaust any security held from Assignee; (iii) to pursue any other remedy of Lessor whatsoever; or (iv) to notify Assignor and Guarantor of any default by Assignee in the payment of any rent or other amount due under the Lease or in the performance of any term, covenant or obligation therein.

(Compl., ex. 9.)

  On September 13, 2004, Hartley filed for protection. <u>In re Hartley Trucking Co., Inc.</u>, No. 04-22441 (Bankr. S.D. W. Va. Sept. 13, 2004). As of that date, Hartley had defaulted under the master lease and the assignment. (Def's Memo. in Supp. at 2.) Defendants are thus listed as creditors in the Hartley bankruptcy proceeding. On October 29, 2004, plaintiff moved for relief from the automatic stay and for adequate protection payments from Hartley. (<u>Id.</u>) On April 20, 2005, the bankruptcy court entered an order providing for monthly adequate protection payments from Hartley to plaintiff of $11,890.57. <u>In re Hartley</u>, No. 04-22441, slip op. at 4 (Bankr. S.D. W. Va. Apr. 20, 2005)

  Defendants contend this action is "related to" the Hartley proceeding and should be referred to the bankruptcy court. In support, defendants assert as follows:

  It is apparent that Hartley is a necessary party to this litigation. These defendants are guarantors under the Master Lease . . . but Harley[sic] is the

3

> primary obligor and the parties [sic] which is enjoying the benefit of the collateral.  There can be no determination of what, if any[,] ultimate liability the defendants have to the plaintiff until the plaintiffs [sic] take [sic] possession of the Freightliners and disposes of them. . . .
>
> This matter can not be fully litigated and the relative rights of the parties can not be determined by this court without the participation of Hartley.  The Plaintiff has not sought relief from the automatic stay to join Hartley in this proceeding, and accordingly Hartley can not be joined before this court.  All parties are participants in the Chapter 11 case and the Bankruptcy Court can litigate all rights and obligations among the parties.
>
> Therefore, this matter should be referred to the United States Bankruptcy Court for the Southern District of West Virginia for resolution in conjunction with the issues pending there regarding the Master Lease . . . All necessary parties can be joined in a proceeding before the Bankruptcy Court.

(<u>Id.</u> at 3-4.)  Defendants also assert that Hartley's uncertain liability leaves this case in a difficult procedural posture:

> [T]here can be no certain sum set for the extent of the liability of these defendants to the plaintiff under their guaranty until the plaintiff either terminates its relationship with Hartley, repossesses the Freightliners and disposes or [sic] them or until a final order is entered or a plan confirmed in the Hartley case with regard to payment of the plaintiff as a creditor.
>
> <u>Furthermore, the outcome of this lawsuit will directly impact the estimation of claims or interests against Hartley's estate for the purposes of confirming a Chapter 11 plan</u>.

(<u>Id.</u> at 4 (emphasis added.)

Plaintiff responds that both defendants and Hartley are primary obligors under the assignment and that each may be held accountable separately. Plaintiff also contends the bankruptcy court is not empowered to hear this action because it is neither a core nor "related to" proceeding. In the alternative, if this action is determined to be a "related to" proceeding, plaintiff notes its request for a jury trial, a trial the bankruptcy court ostensibly cannot conduct, and seeks a discretionary refusal to refer the case.

## II.

Title 28 U.S.C. § 157, a procedural statute addressing the proper allocation of bankruptcy cases in the district court, provides under subsection (a) as follows:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in <u>or related to a case under title 11</u> shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).

In <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300 (1995), the Supreme Court observed as follows:

> "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal

5

> efficiently and expeditiously with all matters connected with the bankruptcy estate," and . . . the "related to" language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate.

Id. at 308 (quoting, in part, Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). Following Celotex, our court of appeals discussed at length the nature of a "related to" proceeding:

> A civil case filed in a district court is related to a case in bankruptcy if the outcome in the civil case "could conceivably have any effect on the estate being administered in bankruptcy . . . if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (_positively or negatively_) and which in any way impacts upon the handling and administration of the bankrupt estate." Celotex, 514 U.S. at 308, n. 6, 115 S.Ct. 1493 (quoting Pacor, 743 F.2d at 994) (internal quotations omitted) (italics in Pacor).
>
> This court has adopted the . . . related to test [of Pacor] and has held that a district court, "and derivatively the Bankruptcy court" has jurisdiction over an action related to a bankruptcy case "if the outcome [of the proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate." Spartan Mills v. Bank of Am. Ill., 112 F.3d 1251, 1255-56 (4th Cir.), cert. denied, 522 U.S. 969, 118 S.Ct. 417, 139 L.Ed.2d 319 (1997) (quoting Pacor, 743 F.2d at 994 (internal quotation marks omitted)). The Supreme Court gave the following as an example of a civil case related to a bankruptcy case: "suits between third parties which have an effect on the bankruptcy estate." Celotex, 514 U.S. at 307 n. 5, 115 S.Ct. 1493 (citing 1 Collier on Bankruptcy ¶ 3.01[1][c][iv] at 3-28 (15th ed. 1994)). Notably, as is the case here, a related to case need not necessarily

6

>  be against the debtor or his property. Nevertheless,
>  the "mere fact that there may be common issues of fact
>  between a civil proceeding and a controversy involving
>  a bankruptcy estate does not bring the matter within
>  the scope of [1334(b)]." Pacor, 743 F.2d at 994. In
>  this circuit, a civil case is related to bankruptcy if
>  "the outcome of [the civil] proceeding could
>  conceivably have any effect on the estate being
>  administered in bankruptcy." In re Celotex Corp., 124
>  F.3d 619, 625 (4th Cir. 1997) (citing Pacor, 743 F.2d
>  at 994), see also A.H. Robins Co. v. Piccinin, 788 F.2d
>  994, 1002 n. 11 (4th Cir. 1986).

New Horizon of NY LLC v. Jacobs, 231 F.3d 143, 151 (4th Cir. 2000) (footnotes omitted); Spartan Mills v. Bank of America, 112 F.3d 1251, 1255-56 (4th Cir. 1997) (quoting Pacor, 743 F.2d at 994); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002 (4th Cir. 1986) ("The accepted definition of . . . 'related to' in these statutes is that declared in Pacor . . . .")

Applying Pacor and its progeny here, the outcome of this action could affect the Hartley proceeding. A judgment in this case might, positively or negatively, alter Hartley's liabilities, options, or freedom of action in ways impacting the handling and administration of the estate. As noted by defendants, if they are absolved of their guaranty obligations, no unsecured claim, or perhaps only a reduced claim, for indemnity will arise against the Hartley estate. This would undeniably affect the sum of the estate's liabilities. Alternatively, if plaintiff prevails, defendants' indemnity claim

7

will exist as to that sum for which defendants are held liable. Either eventuality would impact the estimation of claims against Hartley's estate and the assets available to it to pay them. See Travelers Ins. Co. v. Goldberg, 135 B.R. 788, 790-91 (D. Md. 1992) ("It is clear that the outcome of this action may well have an effect on the administration of the estate. The action is based on debts which are the primary obligations of the debtor partnerships. A judgment for plaintiffs in this case would almost certainly result in attempts to alter the claim structure in the bankruptcy cases. A judgment for either side could clearly have an effect on the ability of the estate to pay the remaining creditors.").

In view of this finding, the court is vested with discretion to refer this matter. Plaintiff asserts, however, referral should not be granted because it has requested a jury trial. Our court of appeals addressed a similar situation in In re Stansbury Poplar Place, Inc., 13 F.3d 122 (4th Cir. 1999).

In re Stansbury involved five related bankruptcy estates. An omnibus creditors' committee instituted adversary proceedings against the debtors' officers, directors, insiders and shareholders ("defendants") on a variety of grounds. Defendants contended that (1) they enjoyed a Seventh Amendment

8

right to jury trials on the committees' fraudulent conveyance actions, (2) the bankruptcy court lacked authority to conduct the trials, and (3) the order of reference should be immediately withdrawn.

After concluding defendants were correct on the first two points, the court of appeals parted company with them on the necessity of immediate withdrawal.  The underlying analysis is instructive here:

> Our holding that bankruptcy judges are not authorized to conduct jury trials does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.  The decision whether or not to withdraw the referral immediately "is frequently more a pragmatic question of efficient case administration than a strictly legal decision."  Travelers Ins. Co. v. Goldberg, 135 B.R. 788, 792 (D. Md.1992).  While the bankruptcy court may be uniquely qualified to conduct pre-trial matters in some core proceedings, in other cases such a referral would be a "futile detour, requiring substantial duplication of judicial effort." Compare Travelers Ins. Co., 135 B.R. at 792-93 with City Fire Equipment Co. v. Ansul Fire Protection Wormald U.S., Inc., 125 B.R. 645, 649 (N.D. Ala. 1989) (bankruptcy court has the authority and is uniquely qualified to supervise discovery and decide pre-trial issues).  This type of pragmatic decision is best left to the district court and we remand for that court to consider the Committee's request.

Stansbury, 13 F.3d at 128.

A number of factors here militate in favor of referral. First, all of the parties are presently before the bankruptcy court in the Hartley case. Second, the bankruptcy case is nearly a year old and has spawned over 400 docket entries. These two factors indicate the bankruptcy court has invested significant time and effort into the case and should be given the opportunity to superintend all proceedings affecting the estate. In view of these considerations, the bankruptcy court is best positioned to supervise discovery, conduct any necessary pretrial conferences or hearings, and any other matters short of jury selection and trial. In the event the matter ultimately ripens for trial, plaintiff may move for withdrawal of reference.

The court, accordingly, ORDERS that defendants' motion to refer be, and it hereby is, granted. The court further ORDERS that this action be, and it hereby is, referred to the bankruptcy court pursuant to Local Rule of Bankruptcy Referral and Appeal 8001-1.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: August 9, 2005

John T. Copenhaver, Jr.
United States District Judge